UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| George Mcalip, Pro Se | | Darwin Thomas | |

**Proceedings:**   DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO PETITION TO QUASH SUMMONSES, DEMAND FOR A BILL OF PARTICULARS, REQUEST FOR INJUNCTION, AND CLAIM FOR PERSONAL DAMAGES (filed 7/18/08)

MOTION TO ALTER OR AMEND JUDGMENT ENTERED 15 MAY 2008 (filed 6/4/08)

MOTION TO ALTER OR AMEND JUDGMENT ENTERED 13 MAY 2008 (filed 6/4/08)

I.      INTRODUCTION

On April 4, 2008, plaintiff George McCalip, appearing pro se as trustee for the Kenzington Fund Irrevocable Trust (the "Trust"), filed the instant suit against defendants Jess De Legarret ("De Legarret"), an employee of the Internal Revenue Service (the "IRS"), and Does 1-10. Plaintiff alleges that De Legarret issued a third-party summons to US Bank Legal Department ("US Bank"), seeking records pertaining to the Trust. Plaintiff seeks to quash the summons to US Bank. Plaintiff further requests injunctive relief, damages, and a bill of particulars.

On May 13, 2008, the Court directed plaintiff to properly serve defendant De Legarret with the petition. On May 15, 2008, the Court admonished plaintiff that he had thirty days in which to retain counsel because he could not proceed pro se on behalf of a trust. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Plaintiff was further admonished that his failure to retain counsel could result in the dismissal of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

action.

On June 4, 2008, plaintiff filed a motion to alter or amend the April 13, 2008 order of Court, arguing that the Court's delay in delivery of the order made it impossible for plaintiff to file a motion to alter or amend that order within ten days as required by Fed. R. Civ. P. 59(e). On June 4, 2008, plaintiff also filed a motion to alter or amend the order entered on April 15, 2008, arguing that he was suing in his individual capacity. On July 18, 2008, defendant De Legarret filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff filed an amended petition on August 4, 2008.

A hearing was held on August 18, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.     LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Plaintiff cannot Appear Pro Se on behalf of the Trust

Defendant De Legarret argues that the petition to quash should be dismissed because plaintiff cannot appear pro se on behalf of the Trust. Plaintiff responds that because the Trust owns no property, there is no Trust beneficiary. Plaintiff argues that all Trust rights are therefore owned by him as an individual. Plaintiff further argues that the while he has filed his claims as "George McCalip, Trustee," this does not prevent him from pursuing remedies in his personal capacity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6 O

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

Plaintiff's contention that he is suing in his personal capacity is unpersuasive. A non-attorney may not file an action pro se on behalf of a trust. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). In his opposition to defendant De Legarret's motion to dismiss, plaintiff states that he can "represent his trust." Plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp'n") at 4. Moreover, Plaintiff filed his petition as "trustee." See Restatement (Second) of Judgments § 36 (1982) ("A person appearing in a representative or official capacity is ordinarily so designated in the caption's identification of parties."). Furthermore, plaintiff has no rights as an individual in this case. The summons in this matter was served on US Bank and related exclusively to the income tax liability of the Trust. Petition to Quash, Ex. 1 at 2. Therefore, even if plaintiff were suing in his individual capacity, he would have no standing to challenge the summons.

At the August 18, 2008 hearing on this matter, plaintiff cited to two cases, Reshard v. Britt, 819 F.2d 1573 (11th Cir. 1987); and United States v. Reeves, 431 F.2d 1187 (9th Cir. 1970); that he contends support his position that he may proceed in this action pro se. Both cases are unavailing. In Reeves the court held that a party could represent himself pro se insofar as he sought to uphold a property interest belonging to the partnership because, as a member of the partnership, he had a specific right in partnership property. Id. at 1188. However, to the extent that Reeves stands for the proposition that non-attorney members of a partnership may appear on behalf of the partnership, this holding has been overruled. See In re America W. Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994). In any event, in this case, plaintiff's status as trustee confers no equivalent ownership interest upon him that might permit him to proceed herein on his own behalf.

In Reshard, the plaintiffs in a wrongful death action sought to proceed pro se as the personal representatives of the decedent's estate. Because, under Florida law, the estate's interests in such an action could only be represented by the decedent's personal representatives, a panel of the Eleventh Circuit reversed the district court's ruling and held that the plaintiffs could proceed pro se, pursuant to 28 U.S.C. § 1654. Reshard, 819 F.2d at 1582-83. However, this opinion was later vacated -- see Reshard v. Britt, 831 F.2d 222 (11th Cir. 1987) -- and, in a subsequent *in banc* opinion, the Eleventh Circuit affirmed the district court's decision that the plaintiffs could not proceed pro se on behalf of the estate. Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (in banc).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

Under the Ninth Circuit's controlling decision in C.E. Pope Equity, plaintiff may not proceed pro se on behalf of the Trust and he has also failed to set forth a basis for proceeding in his individual capacity. Plaintiff's failure to obtain counsel warrants dismissal of the action.

### B.    Defendant De Legarret is Immune from Suit

Plaintiff further argues that he initiated his Bivens[1] claim against defendant De Legarret in his individual capacity because she issued an improper summons and was therefore acting outside of his authority as an IRS agent. Pl.'s Opp'n to Mot. to Dismiss at 10. As set forth above, plaintiff may not prosecute this case pro se. However, even if it could be said that plaintiff could proceed pro se in his individual capacity, his claim must be dismissed because defendant is immune from suit.

"Bivens relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes." Adams v. Johnson, 355 F.3d 1179, 1185 (9th Cir. 2004). It appears from the face of the summons at issue in this case, which was issued by the IRS, under the authority of the Internal Revenue Code, and which requests the production of the Trust's financial and business records, that defendant issued this summons in his capacity as an official involved in the assessing and collecting of taxes. Furthermore, plaintiff's suit is specifically barred by the Anti-Injunction Act which provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). Plaintiff's argument that his request is not being made for the purpose of restraining enforcement of the tax laws is unpersuasive. Plaintiff's attempt to prevent defendant De Legarret from issuing the summons is clearly an attempt to restrain the enforcement of the tax laws.

Moreover, it appears that plaintiff cannot plead any set of facts that could cure these

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2250 CAS (FFMx) | Date | August 18, 2008 |
|---|---|---|---|
| Title | GEORGE MCCALIP, TRUSTEE v. JESS DE LEGARRET, REVENUE OFFICER, ET AL. | | |

deficiencies.[2] Therefore, the Court concludes that leave to amend would be futile.

**IV.   CONCLUSION**

In accordance with the foregoing plaintiff's amended petition is stricken and the Court GRANTS defendant De Legarret's motion to dismiss without leave to amend. Plaintiff's petition to quash summonses, and his demand for a bill of particulars, request for injunction, and claim for personal damages are DENIED.

The Court further DENIES plaintiff's motion to alter or amend the judgment entered May 13, 2008 and plaintiff's motion to alter or amend the judgment entered on May 15, 2008 as moot.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[2] During the August 18, 2008 hearing on this matter, the Court asked plaintiff if he could allege facts indicating that defendant is liable in his individual capacity. Plaintiff responded that defendant failed to provide him with a tax assessment. Defendant responded that the tax assessment at issue was challenged in tax court proceedings involving plaintiff and ultimately affirmed. In any event, there is no indication that defendant's alleged failure to provide plaintiff with a tax assessment relates to anything other than his work on behalf of the IRS, and therefore, this could not give rise to defnedant's individual liability.